IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE SAVAGE, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 15-3416 |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**MARILYN HEFFLEY, U.S.M.J.**                                                                September 30, 2015

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Tyrone Savage ("Petitioner" or "Savage"), a prisoner incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

**I.      FACTS AND PROCEDURAL HISTORY**

On March 9, 2000, Savage was convicted of robbery, robbery of a motor vehicle, and related charges in the Philadelphia County Court of Common Pleas. Resp. Ex. 1 at 2.[1] On April 25, 2000, Savage was sentenced to an aggregate term of three to six years' imprisonment. Id. On April 28, 2003, Petitioner was released on parole, at which time his maximum sentence expiration date was April 25, 2006. Id. On August 10, 2003, while on parole, Savage was

---

[1]   In support of their response, Respondents electronically filed all of their exhibits as one document. See Doc. No. 5-1. In order to help the reader easily find the exhibits cited in this Report and Recommendation, the exhibit number along with corresponding ECF pagination is identified.

arrested on federal bank robbery charges pursuant to 18 U.S.C. § 2113(a). Resp. Ex. 2 at 4. On June 8, 2005, Savage pled guilty to the federal charges and was sentenced to 120 months' imprisonment. Id.

After his release from federal custody, Petitioner was returned to Pennsylvania and recommitted as a convicted parole violator. Resp. Ex. 3 at 12. By decision recorded on August 22, 2014, the Pennsylvania Board of Probation and Parole (the "Board") denied Savage reparole. Resp. Ex. 4 at 14. Savage challenged the Board's denial of reparole in state court by filing a petition for review with the Commonwealth Court of Pennsylvania, which was denied on October 27, 2014. Savage v. Pa. Bd. of Probation and Parole, No. 1902 C.D. 2014 (Pa. Commw. Ct. Oct. 27, 2014). Thereafter, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on March 10, 2015. Savage v. Pa. Bd. of Probation and Parole, No. 591 EAL 2014 (Pa. March 10, 2015).

Petitioner filed the present petition for writ of habeas corpus on May 31, 2015 and alleges that by denying him parole, the Board violated his Fourteenth Amendment right to due process.[2] Pet. (Doc. No. 1) at 5-6.[3] In support of this contention, Savage maintains that the Board failed to consider a character letter provided by the van service that transported him to Pennsylvania after his release from federal custody. Id. Respondents argue that Savage cannot demonstrate that his right to due process was violated. For the reasons set forth below, this Court agrees with Respondents.

---

[2] The petition was docketed on June 17, 2015. However, because the petition is dated May 31, 2015, this Court will apply the "prisoner mailbox rule" and use the earlier date. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

[3] Citations to the petition for writ of habeas corpus will refer to ECF pagination.

**II.     DISCUSSION**

   **A.  APPLICABLE LEGAL STANDARD**

   **1.  Standard for Issuance of a Writ of Habeas Corpus**

Congress, by its enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), significantly limited the federal courts' power to grant a writ of habeas corpus. Where the claims presented in a federal habeas corpus petition were adjudicated on the merits in the state courts, a federal court shall not grant habeas relief unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

The United States Supreme Court has made clear that a writ may issue under the "contrary to" clause of Section 2254(d)(1) only if the "state court applies a rule different from the governing rules set forth in [United States Supreme Court] cases or if [the state court] decides a case differently than [the United States Supreme Court has] done on a set of materially indistinguishable facts."  Bell v. Cone, 535 U.S. 685, 694 (2002).  A writ may issue under the "unreasonable application" clause only where there has been a correct identification of a legal principle from the Supreme Court, but the state court "unreasonably applies it to the facts of the particular case."  Id.  This requires a petitioner to demonstrate that the state court's analysis was "objectively unreasonable."  Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

State court factual determinations are also given considerable deference under the AEDPA.  Lambert v. Blackwell, 387 F.3d 210, 239 (3d. Cir. 2004).  A petitioner must establish that the state court's adjudication of the claim "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

As addressed herein, Savage does not qualify for habeas relief under the AEDPA and accordingly, his petition should be denied.[4]

## III.  DISCUSSION

### A. Petitioner's Fourteenth Amendment Due Process Claim Lacks Merit

Petitioner's contention that his right to due process was violated by the Board's denial of parole is premised on the Board's failure to consider a character letter provided by the van service that transported him from California to Pennsylvania after his release from federal custody. The genesis of the letter is explained by Savage as follows:

> On December 27, 2012 Petitioner was released from federal custody to a parole violation detainer by the Pennsylvania Board of Probation and Parole. In the week that it took Petitioner to get from California, the van was almost in a collision. The van driver had fallen asleep. The van was travelling at a speed of 85 miles per hour. Five passengers including Petitioner almost lost their lives. Fortunately, Petitioner was able to alert the van driver to the oncoming collision and as a result the respondent Board was provided with a character letter from the van service.

Pet. at 5. Petitioner claims that the letter was "never turned over or made known by the Board" and "[o]nly when Petitioner submitted an inquiry letter to the Board did they then acknowledge receipt of this evidence and that said evidence was being stored at a remote

---

[4] The exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) does not prevent this Court from reaching the merits of Petitioner's claim. See Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005) (a state prisoner challenging the denial of parole on constitutional grounds, other than for a violation of the ex post facto clause, is not required to exhaust state court remedies prior to raising the claim in a federal habeas petition). Furthermore, as previously stated, Savage attempted to raise his due process claim in both the Commonwealth Court of Pennsylvania and the Pennsylvania Supreme Court.

location." Pet. at 22.[5] He further maintains that the letter would likely have demonstrated that he is not a threat to the community because he possibly saved lives and the Board millions of dollars in potential lawsuit damages. Id.

### 1. Procedural Due Process

The Fourteenth Amendment to the United States Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A procedural due process claim requires the federal courts to engage in a bifurcated analysis. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, it must be determined whether a state has interfered with a protected liberty or property interest. Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 459-60 (1993). If the answer is yes, then the question becomes whether the procedures used were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)).

Here, Savage cannot demonstrate that there is a constitutionally protected liberty interest of which he has been deprived. The Supreme Court has held that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). A

---

[5] On April 4, 2013, Savage did send a letter to the Board inquiring whether it had received a character letter from the van service. Resp. (Doc. No. 5) at 16. In its April 19, 2013 correspondence, the Board indicated that it was responding to Savage's request under Pennsylvania's Right-to-Know Law and that it would need until May 27, 2013 to retrieve records at a remote location in order to appropriately respond to his inquiry. Pet. at 27. In later correspondence, the Board advised Savage that his request for information was being denied, but as a courtesy and outside the Right-to-Know Law, it was informing him that it did receive the correspondence "in which you are inquiring." Resp. at 20-21. However, as Respondents note, there is no character letter among the Board's records and the correspondence referenced by the Board appears to be a confirmation form relating to Savage's scheduled pick-up by the van service in California. Resp. at 6.

state may, under certain circumstances, create liberty interests which are protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  However, Pennsylvania has not vested in parole-eligible detainees anything more than a right to apply for parole and have that application considered.  Rogers v. Pa. Bd. of Prob. and Parole, 555 Pa. 285, 289 n.2 (Pa. 1999).  Moreover, both the federal and Pennsylvania state courts have held that an expectation of release on parole is not a constitutionally protected liberty interest.  Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996).  Accordingly, because Savage cannot establish that he possessed a protected liberty interest in being granted parole, a procedural due process violation has not occurred.

   2. **Substantive Due Process**

A parole denial may give rise to a substantive due process deprivation if the denial is based upon constitutionally impermissible reasons.  See Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980) (a state statute may not sanction totally arbitrary parole decisions founded on impermissible criteria).  As explained more fully by the Third Circuit in Block:

> [C]ourts can review the substance of parole decisions, as distinguished from the adequacy of the procedures, to determine whether a parole board exercised its authority arbitrarily. [...] When presented with [...] a discretionary scheme, the role of judicial review on application for a writ of habeas corpus "is to insure that the Board followed criteria appropriate, rational and consistent with the statute and that its decision was not arbitrary and capricious nor based on impermissible considerations.  In other words, the function of the judicial review is to determine whether the Board abused its discretion."

Id. at 236-37 (quoting Zannino v. Arnold, 531 F.2d 687, 690 (3d Cir. 1976)).

The Supreme Court has recognized that a federal court should not upset a decision by a state parole board unless the determination was based on constitutionally impermissible reasons such as race, religion or ethnicity or rendered in the absence of due process protections. Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972).  "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due

6

process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).  The Third Circuit has held that "the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'"  Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002).

In the instant matter, Petitioner claims that the Board's denial of parole was arbitrary and capricious based on its failure to consider the character letter at issue.  He contends that the Board withheld this "substantial evidence" because it was not in his file at the time of the July 17, 2014 parole hearing and, therefore, the decision to deny reparole lacked any basis.  Pet. at 5-6.  Savage argues that had the letter been available for the Board's consideration, there was a significant chance that the Board would not have deemed him a threat to the community.  Pet. at 22.

However, there is no reasonable basis to conclude that the Board ever received the character letter and placed it in Savage's file.  More importantly, there is no indication that the letter would have persuaded the Board that he was not a threat to the community.  The Board's decision makes clear that, following an interview and review of Savage's file, parole was denied based upon multiple factors, including: (1) his institutional behavior and misconducts; (2) his risks and needs assessment indicating his risk to the community; (3) his prior unsatisfactory parole supervision history, which included him committing a new crime while being released on

parole; and (3) reports, evaluations and assessments of his risk to the community. Resp. at 14.[6] Therefore, the record in this case does not support a finding that the Board's stated reasons for denying Savage reparole were constitutionally impermissible, arbitrary, unreasonable, or conscience shocking. Consequently, Petitioner's substantive due process violation claim must fail.

## IV.  CONCLUSION

For all of the foregoing reasons, Petitioner has not established that the Board's denial of parole was violative of his Fourteenth Amendment right to due process. Accordingly, I make the following:

### RE C O M M E N D A T I O N

AND NOW, this 30th day of September, 2015, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. The Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

[6]  Savage challenges the Board's reliance upon his institutional behavior, including misconducts, as a basis for denying him parole by claiming that his Pennsylvania Department of Corrections Misconduct form shows only one misconduct on September 18, 2013 since his return to prison. Savage, however, fails to mention that the form lists numerous misconducts beginning on June, 4, 2000, for, among other things, refusing to obey an order, threatening an employee or their family, lying to an employee and presence in an unlawful area. Reply (Doc. No. 7) at 7-8.